Totten, J.,
delivered the opinion of the court.
The action is replevin on a case agreed.
The defendant, a deputy sheriff of Cannon, justifies the seisure of the property in question, under an execution against said Eason and another. This execution was issued in Cannon, in virtue of an execution certified from Wilson County, under the act 1805, ch. 66.
The certificate of the clerk is defective in this, it does not state that the person before whom the judgment in Wilson, *211 purports to be rendered, was “an acting justice of the peace of said county” at the time of the rendition of said judgment.
This is an express and substantive requirement of the statute, authorising this peculiar proceeding. The execution properly certified under the statute, to another county, is made the basis of an execution there, against the goods and chattels of the debtor: but as it is a proceeding wholly under the statute, its material and substantial provisions must be complied with, to authorise a justice in one county to issue an execution on a judgment rendered by a justice in another county. Without the aid of the statute the execution is, of course, merely void, and it can derive no aid from the statute if its substantial provisions be not complied with. The omission in the present case, before stated, is in the most material and substantive provision in the statute. The justice in Cannon having no authority to issue the execution in the present case, it is to be considered as merely void, and as conferring no power or authority on the defendant to seize the property in question. The executions in Perry vs. Royle, 9 Yer. R. 18, and Stevenson vs. McLean, 5 Hum. R. 333, were well certified as to every matter of substance; and therefore, conferred jurisdiction upon the justice in the county to which they were sent.
An officer may justify under an erroneous and voidable execution, but not under one that is void, as we deem the present to be.
The judgment will therefore be reversed and rendered for the plaintiff for one cent damages and costs, under the case agreed; the property in question having been restored to the plaintiff’s possession.
Judgment reversed.